being related to one of the parties, did not sit.
Verdict for the defendant, and upon motion a rule was granted for a new trial, in order that the opinion of all the judges might be had, as it involved leading and important principles.
ORIGINAL NOTE. — Upon looking into the books respecting the operation of the statute of limitations on this case, it has occurred forcibly that the law is with the defendant.
The sixth section of the statute of limitations *Page 363 
provides for three cases respecting suits, in which the statute shall not operate.
1st. Where judgment for the plaintiff has been reversed for error.
2d. Where judgment for the plaintiff has been arrested. And
3d. Where the defendant cannot be served with process. From this section, together with the authorities, we may attain a clear view of the law in the above case. Spencer's case, 6 Co. 10, contains the learning of the common law on the subject. In order to entitle a person to a suit by journies accompts, says the author, the plaintiff must have been in no default in the former suit. It must he obtained afterwards per dietas computatis, recently, or as soon afterwards as may be. What should be reasonable time by the common law was left to the judges in their discretion; thus, in Spencer's case, fifteen days was said to be a reasonable time. In 1 Salk. 393, thirty days was adjudged to be a reasonable time. Our statute, section 6th, seems wisely to have put an end to this discretion, by enacting that one year shall be this reasonable time. There is no doubt, but the bringing suit will save the statute of limitations, but the writ must be returned, 6 Term Rep. 617, and continued to the time the plaintiff avails himself of it in his replication. So it is, though the process may have been irregular, 2 Bl. 1131, whereby, as it would seem, the plaintiff is thrown out of court without his default. In all cases where the plaintiff has negligently or designedly abandoned his former suit, he cannot reply the institution of a new one, to save himself from a bar.
Lord Coke in Spencer's case, says that the second suit must be in the same court so as to make it a continuance of the former one. From this authority I am inclined to doubt the correctness of the opinion entertained on the trial, that a suit in equity will save the bar in a trial of a suit at law. It may perhaps do it where the plaintiff had mistaken his remedy in equity, and was sent back to law, it seems correct that it should in that case. All the cases in the books on this subject suppose one of two things. *Page 364 
1st. The principle of journies accompts.
2d. That the commencement of the suit, before the Court, was in fact previous to the time when the statute attached; and with that view courts have permitted continuances to be entered.
The first principle is embraced and regulated by the sixth section of our act. The principle contained in this section would enable a person to avail himself of any former suit which went off without his default, as error, arrest of judgment, c., 1 Wash. 302; 2 Wash. 219, but the time of instituting a new suit is not left in such cases to the discretion of the Court, as it was by the common law; it must be within one year after the termination of a former suit. Under this principle the law always supposes such termination to have been against the plaintiff, without a determination of the merits.
The principle of acquiescence in a former suit is contained in the act. It attaches after one year, and no suit can be afterwards commenced we are certain; but I am strongly inclined to think that where the time prescribed by the statute has expired previous to the termination of a suit against the plaintiff without arrest of judgment, or writ of error, appeal or using any other appropriate means within a year, to produce further investigation of the same cause, that no time is allowed to bring another action 30 as to save the bar of the statute of limitations. Such a case would not be covered by the most liberal interpretation that could be given to the sixth section. Nor would it fall within the principle of the second division of cases respecting the institution or termination of the same suit. This view of the subject would certainly be more consistent with the peace and happiness of society for the promotion of which the statute was made, and which in the case of Green v. Rivet, 1 Salk. 421, is said to be a statute upon which the security of all men depends and ought to be favored. 4 Mass. 188; 2 Bay, 160; 1 Binn. 212.
NOTE. — To the learned note of Judge Overton in this case, upon the Act of 1715, 27, 6, may be added the decisions in Norment v.
Smith, 1 Hum. 46; Nicholson v. Lauderdale, 3 Hum. 200; Andersonv. Bedford, 4 Cold. 469. The Code, 2754, 2755, changes the language of the old acts, and its provisions were construed in Colev. M. A. of Nashville, 5 Cold. 641. — ED.